ENTERED
09/26/2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DIANA SANTILLAN | § | CASE NO: 15-35753 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |

## MEMORANDUM OPINION

Diana Santillan's chapter 13 bankruptcy plan was confirmed in May 2016. Santillan proposed a modification to her chapter 13 plan on May 31, 2018 along with a corresponding amended wage order. The Court approved Santillan's proposed wage order on June 18, 2018 and scheduled a hearing regarding her proposed modification for July 18, 2018. Santillan received a paycheck from her employer on June 19, 2018, as compensation for work performed between June 2 and June 15, 2018. (August 9, 2018 Hearing).

At issue is $608.23 from this paycheck which was paid to the Trustee. The Chapter 13 Trustee argues that because the Court had not yet approved her modification, Santillan was bound by the amounts prescribed under her current plan and prior wage order. Santillan claims that she is entitled to receive the $608.23 difference because her plan modification became effective once it was filed on May 31, 2018.

Although Santillan's modification did not become effective upon filing, the modification will be retroactively effective as of the date her modification was filed. Accordingly, overpayment must be credited to the balance owed under her modified chapter 13 plan.

## Background

Diana Santillan filed her chapter 13 bankruptcy petition on November 2, 2015. (*See* ECF No. 1). The Court confirmed Santillan's chapter 13 plan on February 1, 2016. Under this plan, Santillan was scheduled to make 60 monthly payments of $1,900.00 to the Trustee for

distribution to her creditors. (ECF No. 24 at 1). The Court approved a wage order on January 24, 2017 which deducted $878.70 from Santillan's biweekly paychecks to account for this monthly payment.

On May 9, 2018, the Trustee moved to dismiss Santillan's bankruptcy case after Santillan accrued $7,120.04 in delinquent payments to the Trustee. (ECF No. 90 at 1). In response, Santillan surrendered both her home and a vehicle, and then proposed a uniform modification of her confirmed chapter 13 plan on May 31, 2018, with an objection deadline of July 6, 2018. (July 18, 2018 Hearing at 10:01 a.m.; ECF No. 94 at 1). This plan modification lowered her payments to the Trustee from $1,900.00 per month to $600.00 per month and accelerated the completion of her chapter 13 plan to November 2018. (ECF No. 94 at 1). On June 18, 2018, the Court entered an amended wage order which authorized a monthly withdrawal of $600.00 from Santillan's paychecks and set her proposed modification for hearing on July 18, 2018. (ECF No. 95 at 1).

No objections were filed in response to Santillan's proposed plan modification. However, at the July 18, 2018 hearing, the Trustee raised the issue of whether any overpayment Ms. Santillan made to the Trustee should benefit her general unsecured creditors. (July 18, 2018 Hearing at 10:03 a.m.). The Court requested that the parties provide an accounting of Santillan's wages and deductions and continued the hearing until August 9, 2018. (July 18 Hearing at 10:05 a.m.).

At the August 9, 2018 hearing, the accounting showed that Santillan made three payments to the Trustee for the following amounts: $885.00 on June 6, 2018; $876.92 on June 14, 2018; and $885.18 on June 19, 2018. (August 9, 2018 Hearing at 9:25 a.m.). The only payment at issue in this case is the June 19, 2018 payment, which reflects work Santillan

performed from June 2 through June 15, 2018, after her proposed modification was filed. (August 9, 2018 Hearing at 9:25 a.m.).

The Trustee purports that payments made under a valid wage order may benefit Santillan's creditors and supplement the required plan payments, whereas incorrect payments made under the new wage order may benefit Santillan. (August 9, 2018 Hearing at 9:25 a.m.). Santillan claims that her proposed modification payment was effective as of the date her modification was proposed on May 31, 2018, and the overpayment should apply towards the plan's base. (August 9, 2018 Hearing at 9:27 a.m.). As a result, her payment on June 19, 2018, for $876.92 should result in a $608.23 credit applied to the balance of her plan. (August 9, 2018 Hearing at 9:31 a.m.).

## Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

## Analysis

*Statutory Language*

Post-confirmation modification of chapter 13 bankruptcy plans is authorized under 11 U.S.C. § 1329(a). There is no dispute regarding whether Santillan is entitled to modify her plan; rather, this opinion focuses on when Santillan's proposed modification became effective.

Section 1329(b)(2) states that "the plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved." 11 U.S.C. § 1329(b)(2). There is no explicit mention of timing regarding when a modification becomes effective in § 1329(b)(2). The language of the statute may be interpreted to conclude that while notice and a hearing are

mandatory, it is the disapproval of the modification rather than the approval which is conditioned upon the hearing. *Id*. Under this reasoning, it follows that the proposed modification is effective from the date of filing unless it is subsequently disapproved after a hearing. However, the statute may also be interpreted as mandating that notice and a hearing take place, with the modification effective only after those events occur. *Id.* Given the ambiguity in the statutory language, examination of other considerations is necessary to determine when a plan modification becomes effective.

*Case Law Interpreting § 1329(b)(2)*

The Fifth Circuit addressed a similar issue in *In re Meza*, 467 F.3d 874, 878 (5th Cir. 2006). The Trustee in *Meza* filed a proposed modification of a debtor's confirmed chapter 13 plan which proposed increasing the distribution to unsecured creditors to account for an income tax refund the debtor received. *Id*. at 876. The modification was scheduled for a hearing approximately one and a half months after the proposed modification was filed. *Id*. However, before the hearing occurred, the debtor paid the balance due under his confirmed plan and argued that the Trustee's proposed modification was untimely in light of the completed plan payments. *Id*.

The Fifth Circuit distinguished between untimely plan modifications which are proposed after a debtor completes plan payments and timely plan modifications made before a debtor completes her plan payments. *Id*. at 878–79. To draw this distinction, the Fifth Circuit examined when a proposed modification becomes effective and held that a timely filed modification becomes effective after the notice period for objections has elapsed and the modification is not subsequently disapproved. *Id.* at 879. However, in *Meza,* it was the Trustee

rather than the debtor who proposed the modification and the modification in question sought to raise rather than lower the debtor's plan payments. *Id.* at 876.

A California Bankruptcy Court examined facts that parallel this dispute in *In re Taylor*, 215 B.R. 882, 883 (Bankr. S.D. Cal. 1997). The debtor in *Taylor* proposed to lower her plan payments in March 1996 and the bankruptcy court approved the modification after a hearing in August. *Id.* The Trustee argued that the Debtor was obligated to pay her pre-modification amounts until the Court held its hearing and approved the modification. *Id.* The bankruptcy court interpreted § 1329(b)(2) as requiring that the modification is effective upon filing unless creditors object and the modification is disapproved at a hearing. *Id.* at 884. The bankruptcy court concluded that plan modifications are utilized by debtors who cannot comply with their plan obligations; thus, it would be inequitable to require a debtor to assume the payments she sought relief from until a hearing takes place. *Id.*

Although persuasive, *Taylor* is not controlling authority in Santillan's chapter 13 bankruptcy case. Adopting the holding in *Taylor* that bankruptcy modifications are effective upon filing could incentivize the filing of bad faith modifications. This would also increase the burden on creditors who would then be forced to object to such filings or risk receiving lower payments than those contemplated in the original plan.

Interpreting the statute to find modifications effective upon filing would also obviate the statutory language which includes notice and a hearing regarding the modification unless a prior objection was filed. Although the statute is ambiguous, it is unlikely that Congress intended to pre-condition the requirement of a notice period on the filing of an objection to a modification.

While *Taylor* held that a modification effective upon filing applies to a *debtor* who files a proposed modification, the bankruptcy court did not extend its reasoning to modifications filed

by a trustee or creditor. *In re Taylor*, 215 B.R. at 884. An interpretation of one statute that gives rise to two confirmation processes—one where a modification is effective immediately when filed by the debtor and another where a trustee's requested modification is effective only after a notice period if filed by the trustee or a creditor—is equally suspect.

Accordingly, the Court applies the Fifth Circuit's holding in *Meza* in this case. However, the Opinion in *Meza* did not explicitly identify the date when the proposed modification in question became effective. In *Meza*, the debtor paid off the balance of his chapter 13 plan during the notice period. *In re Meza*, 467 F.3d at 876. Interpreting the Fifth Circuit's opinion to hold that the modification was effective after the notice period elapsed would conflict with 11 U.S.C. § 1328(a) which grants the debtor a discharge "after completion by the debtor of all payments under the plan." Since the debtor in *Meza* paid the amount owed under his chapter 13 plan prior to the effective date of the modification, this modification would be rendered moot by the discharge he was entitled to under § 1328(a).

Accordingly, the Court applies the Fifth Circuit's ruling in *Meza* to hold that an approved modified plan is retroactively effective to the date that the modification is filed. *Id.* at 879.

Santillan filed her proposed modification on May 31, 2018, the objection period did not end until July 6, 2018. The Court then held a hearing and announced that the modification would be approved upon resolution of the issue addressed in this opinion. The Court will separately issue an order approving the modification and requiring the application of the $608.23 to payments due under the modified plan. With that order in place, the modified plan is retroactively effective as of May 31, 2018. (July 18, 2018 Hearing at 10:01 a.m.; ECF No. 94 at 1). Santillan received the paycheck in question on June 19, 2018, which reflected work performed between June 2 and June 15, 2018. (August 9, 2018 Hearing at 9:25 a.m.). These

dates occurred after Santillan's plan modification became effective on May 31, 2018. (August 9, 2018 Hearing).

## Conclusion

The Court will enter an Order consistent with this Memorandum Opinion.

SIGNED **September 26, 2018.**

                                                    Marvin Isgur
                                  UNITED STATES BANKRUPTCY JUDGE